# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIM LAMAN, <br><br> Plaintiff, <br><br> - against - <br><br> HEARST COMMUNICATIONS, INC., and DOES 1 through 10 inclusive, <br><br> Defendants. | Case No. 1:21-cv-4292 <br><br> **COPYRIGHT INFRINGEMENT** |

Plaintiff Tim Laman ("Plaintiff"), brings this Complaint against HEARST COMMUNICATIONS, INC. ("Hearst"), and DOES 1 through 10, inclusive, and alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This court has personal jurisdiction over Defendants because Defendant's acts of infringement complained of herein occurred in the state of New York, Defendant's acts of infringement were directed towards the state of

1

New York, Defendant caused injury to Plaintiff within the state of New York, and Defendant has a physical presence in the state of New York.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and/or § 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred and/or Defendant is a corporate defendant whose contacts with this district are sufficient to subject it the personal jurisdiction of this Court.

**PARTIES**

5. Plaintiff is a field biologist, wildlife photojournalist, and filmmaker.

6. Defendant Hearst Communications, Inc. ("Hearst") is a Delaware corporation with a registered address in New York (at 300 West 57th Street, New York, NY 10019) as well as a registered agent for service of process in New York (CT Corporation System, 28 Liberty St., New York, NY 10005).

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously

named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

## FACTUAL ALLEGATIONS

8. Plaintiff is a highly successful photographer specializing in editorial and commercial wildlife photography and filmography.

9. Since getting his Ph.D. from Harvard for pioneering research in Borneo's rainforest canopy, Plaintiff's cameras have been his tools for telling the stories of rare and endangered wildlife, and revealing some of earth's wildest places.

10. Plaintiff has photographed on all seven continents, and regularly travels to some of the most remote corners of the earth to explore and document poorly known species.

11. Working in extreme environments from the rainforest canopy in Borneo to the coral reefs of Papua, and from mountain peaks in New Guinea to the seas of Antarctica, Plaintiff spends many months a year on expeditions to study and photograph the biodiversity of earth's richest realms. He is most known for his long-term work on birds-of-paradise and orangutans.

12. Plaintiff has published 23 feature stories in National Geographic magazine, as well as worked on films for National Geographic Channel, BBC, and Netflix. His filming credits include the BBC's "Planet Earth II" and "Seven

Worlds – One Planet", as well as Netflix' "Our Planet – Jungles" which was nominated for an Emmy for Best Cinematography in 2019.

13. Plaintiff's work has garnered numerous awards, including the overall prize Wildlife Photographer of the Year in 2016, twenty other winning images in that competition over the years, a 1st place Nature Story from World Press Photo, and the North American Nature Photography Association's "Nature Photographer of the Year."

14. Plaintiff is a fellow of the Explorer's Club and of the International League of Conservation Photographers, and is an Associate of the Ornithology Department at Harvard's Museum of Comparative Zoology, as well as the co-founder of the Birds-of-Paradise Project at the Cornell Lab of Ornithology.

15. Plaintiff is the sole author and exclusive rights holder to two unique and copyrighted photographs: one photograph of a frog (hereinafter "Frog Photograph") and another photograph of a Tapanuli orangutan (hereinafter "Orangutan Photograph")(collectively, the "Photographs").

16. Attached hereto as Exhibit A are true and correct copies of the two copyrighted Photographs that are the subject of this action.

17. Plaintiff has registered both Photographs with the United States Copyright Office. The Frog Photograph is registered under Registration Number

VA 2-028-396. The Orangutan Photograph is registered under Registration Number VAu 1-270-202.

18. On its website on the World Wide Web, Hearst has described itself as "a leading global, diversified media, information, and services company with more than 360 businesses".

19. Hearst's major interests include ownership in cable television networks such as A&E, HISTORY, Lifetime and ESPN; global financial services leader Fitch Group; Hearst Health, a group of medical information and services businesses; transportation assets including CAMP Systems International, a major provider of software-as-a-service solutions for managing maintenance of jets and helicopters; 33 television stations such as WCVB-TV in Boston and KCRA-TV in Sacramento, California, which reach a combined 19% of U.S. viewers; newspapers such as the *Houston Chronicle*, *San Francisco Chronicle* and *Times Union*; nearly 250 magazine editions around the world, including *Cosmopolitan*, ELLE, *Men's Health* and *Car and Driver*, and digital services businesses such as iCrossing and KUBRA; and investments in emerging digital entertainment companies such as Complex Networks.

20. Hearst is the owner and operator of the website https://www.popularmechanics.com ("Website"), or is the entity who is otherwise responsible for the content of the Website. At all relevant times, the Website is or

was readily accessible to the general public throughout New York, the United States, and the world.

21. According to the Website, "Since 1902, Popular Mechanics has been the authority on how your world works". The Website purports to deliver news related to science, technology, and outdoor spaces. The Website also includes coverage for everyday DIY activities, such as how to change a tire.

22. Hearst uses advertisements on the Website to monetize its content. The Website and its content help Hearst promote its name and recognition; lure traffic and attention to Hearst's various programs, publications, products and services that it sells to public; and benefits the company's overall business and profitability.

23. On or about October 7, 2019, Plaintiff discovered the Frog Photograph being used by Hearst on the Website in an article entitled "New Database Answers Your Burning Question: Does That Animal Fart?" (dated Jan. 12, 2017) discussing the flatulence habits of animals, including frogs. The Frog Photograph was also used in a slideshow about "18 of the Most Bizarre New Animals" (dated Sep. 17, 2010).

24. On or about November 13, 2019, Plaintiff discovered the Orangutan Photograph being used by Hearst on the Website in a slideshow about "24 Amazing Animals That Are Almost Extinct" (dated May 13, 2019).

25. Attached hereto as Exhibit B are true and correct copies of the Photographs as displayed on the Website.

26. Hearst displayed unauthorized copies of the Photographs on its Website without Plaintiff's permission or license.

27. Hearst or its employee(s), agent(s), or contractor(s) uploaded or permitted the Photographs to be uploaded onto the Popular Mechanics Website.

28. Plaintiff made several attempts to settle this case prior to the filing of this Complaint.

## FIRST CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT

## 17 .S.C. § 101 *et seq*

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Plaintiff owns a valid copyright in the aforementioned Photographs at issue in this action.

31. Defendant(s)(including their employees, agents, contractors or others over whom they have responsibility and control) copied and displayed Plaintiff's copyrighted Photographs without Plaintiff's consent or authorization in violation of 17 U.S.C. § 501.

32. Plaintiff is informed and believes and thereon alleges that the

Defendant(s) willfully infringed upon Plaintiff's copyrighted Photographs in violation of Title 17 of the U.S. Code, in that it used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photographs of the Plaintiff without Plaintiff's consent or authority, by using it in an infringing post on Defendant(s)' Website.

33. On information and belief, the Frog Photograph was displayed on the Defendant(s)' Website and made accessible by the general public continuously for almost 9 years from September 17, 2010, to at least October 7, 2019.

34. On information and belief, the Orangutan Photograph was displayed on the Defendant(s)' Website and made accessible by the general public continuously for at least six months from May 13, 2019, to at least November 13, 2019.

35. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 pursuant to 17 U.S.C. § 504(c).

36. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendants.

37. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyrighted materials pursuant to 17 U.S.C. § 502.

/ / /

/ / /

/ / /

/ / /

/ / /

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Photographs by copying, displaying, and distributing it without a license or consent;

- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For pre judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated:  July 30, 2021                           Respectfully submitted,


                                                **/s/ Rayminh y L. Ngo**
                                                Rayminh L. Ngo, Esq.
                                                EDNY No. RN4834
                                                **HIGBEE & ASSOCIATES**
                                                (*Of Counsel*)
                                                1504 Brookhollow Dr., Ste 112
                                                Santa Ana, CA 92705-5418
                                                (305) 764-9262
                                                (714) 597-6729 facsimile
                                                rngo@higbeeassociates.com
                                                *Attorney for Plaintiff*